Thacher and Warner now contended,
that it was a question for the jury, whether either, and which of the expressions, had been used by the defendant, and that the evidence rejected should have been received, to be considered by the jury or not, according as they should determine the first question. Jhjlwin v. Ulmer, 12 Mass. R. 22; Tyler v. Ulmer, ibid. 169.
But the whole Court, for the reason before given, were of opinion that the evidence in question was rightly rejected.
March 4th
Fletcher and Bliss for the defendant.[1] See 1 Pick. 368, S. C See Bangs v. Hall, 2 Pick. (2d edit.) 368, and notes. A promise, to take a case out of the statute of limitations, must now he in writing and signed by the party chargeable thereby. Revised Statutes, 700, c. 120, § 13. But the same language which before would take a case out of the statute of limitations, will now remove it from its operation if reduced to writing. Bangs v. Hall, 2 Pick. (2d ed.) 380, note 1. See also Dodson v. Mackay, 4 Nov. & Man. 327.